IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Robin Deeann Winkels, ) | |
| ) | |
| Plaintiff, ) | Judge Philip G. Reinhard |
| ) | |
| vs. ) | |
| ) | |
| Techalloy Company, Inc., et al., ) | Case No. 21 C 50306 |
| ) | |
| Defendants. ) | |

### ORDER

For the reasons stated below, the motion to remand [18] is granted. This case is remanded forthwith to the Circuit Court for the 22nd Judicial Circuit, McHenry County, Illinois.

### STATEMENT-OPINION

Plaintiff, Robin Deeann Winkels, a citizen of Wisconsin, filed this action in the Circuit Court for the 22nd Judicial Circuit, McHenry County, Illinois. Defendants, Phibro-Tech, Inc. and C.P. Chemicals, Inc. ("Removing Defendants"), both Delaware corporations with their principal places of business in New Jersey, removed the case to this court on July 30, 2021, premised on this court's diversity of citizenship jurisdiction. Among the numerous defendants named in the complaint are two Wisconsin citizens: John W. Thorsen and Autumnwood ESH Consultants, LLC ("Autumnwood"). Thorsen is the sole member of Autumnwood. The complaint also named several Illinois citizens as defendants.

Plaintiff timely moved to remand on August 24, 2021, pursuant to 28 U.S.C. § 1447(c), citing (1) a lack of subject matter jurisdiction based on a lack complete diversity of citizenship (two of the defendants are Wisconsin citizens) and (2) 28 U.S.C. § 1441(b)(2), which prohibits removal based on diversity if any of the parties "properly joined and served as defendants is a citizen of the state in which such action is brought."[1] The action was originally brought in Illinois and several defendants are citizens of Illinois.[2]

"A plaintiff typically may choose its own forum, but may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752,

---

[1] The court has an independent duty to assure it has subject matter jurisdiction. The presence of the nondiverse defendants in a removed case triggers an analysis of subject matter jurisdiction without a motion to remand. Subject matter jurisdiction is not waivable. The motion to remand was necessary only to raise the 28 U.S.C. § 1441(b)(2) issue, which is not a matter of subject matter jurisdiction, and may be waived. Because the court finds it lacks subject matter jurisdiction, it will not address the section 1441(b)(2) issue.

[2] Defendants moved to strike plaintiff's reply or alternatively to be allowed to file a surreply. The court did not consider plaintiff's reply in deciding the motion to remand and so does not address the arguments raised by defendants in the motion to strike.

1

763 (7th Cir. 2009). The "fraudulent joinder" doctrine allows a court considering removal to disregard the citizenship of certain nondiverse defendants, assume jurisdiction, and dismiss the nondiverse defendants, thereby retaining jurisdiction. *Id.* Fraudulent joinder is difficult to establish. A defendant must demonstrate that, after resolving all issues of fact and law in plaintiff's favor, the plaintiff could not state a claim against the nondiverse defendants. *Id.* at 764. "A defendant faces a heavy burden to demonstrate that the joinder is fraudulent." *Id.* (quotation marks and citations omitted). "The standard of review applied to fraudulent joinder is even weaker than that applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The court looks only to determine whether the claims against the nondiverse defendant are "wholly insubstantial and frivolous." *Robles v. Nexstar Media Group, Inc.*, No. 17 C 08551, 2018 WL 898464, * 2 (N.D. Ill. Feb. 15, 2018) (quotation marks and citations omitted). The question is whether defendants have shown that plaintiff could not state a claim against the nondiverse defendants not whether plaintiff has stated a claim against them. *Id.*; *see also Kasal v. Stryker Corporation*, No. 17-CV-1001-JPS, 2017 WL 4162312, * 4 (E.D. Wis. Sept. 9, 2017). Defendants must show that plaintiff has no chance of success on a claim against the nondiverse defendants. *Schumacher v. Sterigenics U.S., LLC*, 394 F. Supp.3d 837, 847 (N.D. Ill. 2019). The price of improperly finding fraudulent joinder is a lack of jurisdiction to determine the merits of the case, which would lead on appeal to the vacation of any dispositive order/judgment and remand to the state court to start the case over from scratch. *See, Schur*, 577 F.3d at 768.

The complaint in this case is voluminous. The court will only discuss allegations pertinent to resolving the question of subject matter jurisdiction. Defendant Central Wire, Inc. operated a plant in Union, Illinois. Plaintiff lived in proximity to the plant from 1976 through 1983. During the time she lived there, the plant utilized a hazardous substance, TCE, as well as other hazardous substances in its operations. TCE and the other hazardous substances leached from the plant into the groundwater during the time plaintiff lived there and migrated, and continue to migrate, through the groundwater to areas surrounding the plant contaminating the water supply. The contamination of the water supply has caused serious health problems for the plaintiff as well as others who have ingested the contaminated water.

Thorsen was retained by the owner of the plant in 1981 to remediate the air, water, and soil of TCE and other hazardous substances and at all relevant times has had, and continues to have, control of the remediation efforts. The complaint alleges Thorsen had a duty to exercise ordinary care for the health, safety, and well-being of plaintiff Dkt # 1-1, p. 325; that he knew or should have known that TCE and other contaminants that were emitted from the plant were toxic and would be injurious to the health of plaintiff and others exposed to them *Id.*; that he failed to timely test plaintiff's home for TCE and the other hazardous substances *Id.*; that he failed to alert and advise residents, including plaintiff that TCE and the other contaminants had entered the ground water, *Id.*; that he "[f]ailed to timely and properly warn residents including [plaintiff], of the hazards associated with TCE [and the other contaminants]," *Id.*; that these chemicals released from the plant migrated from the plant "into the air, soil, and water inherent in the use and enjoyment of [plaintiff's] residence." *Id.* at 326; that as a direct and proximate cause of Thorsen's negligent acts or omissions, plaintiff was exposed to TCE and the other contaminants causing her to develop cancer.

Defendants argue Thorsen was fraudulently joined in the complaint. They contend he could not be held liable to plaintiff for negligence because he did not owe a duty of care to plaintiff. The question, when considering if a nondiverse defendant was fraudulently joined, is,

construing all issues of fact and law in plaintiff's favor, has defendant shown plaintiff *could not* state a claim for relief against that defendant.

A "claim for relief" is plaintiff's expression of the wrong done to him. <u>Albiero v. City of Kankakee</u>, 122 F.3d 417, 419 (7th Cir. 1997). It is "the aggregate of operative facts which give rise to a right enforceable in the courts." <u>Sojka v. Bovis Lend Lease, Inc.</u>, 686 F.3d 394, 399 (7th Cir. 2012) (quotation marks and citations omitted). So, when a court considers a Rule 12(b)(6) motion, if some plausible theory can be identified that would entitle the plaintiff to relief on its claim, that claim may not be dismissed. <u>KFC Corp. v. Iron Horse of Metaire Road, LLC</u>, No. 18 C 5294, 2020 WL 3892989, * 3 (N.D. Ill. Jul. 10, 2020).

Plaintiff's claim against Thorsen is that she was injured by certain of his acts or omissions. She has identified negligence as a legal theory that entitles her to relief on her claim. If the court were considering a 12(b)(6) motion, the question would be whether negligence, or any other legal theory the court could identify, would entitle plaintiff to relief based on any of the acts or omissions plaintiff alleged caused her injury. *Id.* Since the issue here is whether Thorsen was fraudulently joined, the question is whether *defendants* have shown that *none* of the acts or omissions plaintiff alleged caused her injury could entitle her to relief against Thorsen under any identified legal theory.

"A defendant's stringent burden of proof in establishing a claim of fraudulent joinder is not met by pointing to supposed defects in a plaintiff's pleading." *Hauck v. ConocoPhillips Co.*, No. 06-135-GPM, 2006 WL 1596826, * 4 (S.D. Ill. June 6, 2006). "[A] removing defendant cannot allege vague and inconclusive pleadings as a basis for finding that plaintiffs have no claim against non-diverse defendants." *Id.* (citation omitted). "[T]he fact that a plaintiff makes vague and conclusory allegations does not mean defendants have demonstrated fraudulent joinder." *Id.* (citation and quotation marks omitted). "The court does not shift the burden of proof on a claim of fraudulent joinder to plaintiffs." *Id.* Defendants must *show* plaintiff cannot state a claim against the nondiverse defendants not simply assert she has not or cannot do so.

Under Illinois law, "every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons." *Schur*, 577 F.3d at 766 (quotation marks and citation omitted); *Schumacher*, 394 F. Supp.3d at 848. A duty to warn exists where there is unequal knowledge, actual or constructive, of a dangerous condition, and the defendant who possesses this knowledge knows or should know that harm might or could occur if no warning is given. *Hutchinson v. Fitzgerald Equipment Company, Inc.*, 910 F.3d 1016, 1022 (7th Cir. 2018), citing, *Happel v. Wal-Mart Stores, Inc.*, 766 N.E.2d 1118, 1123 (Ill. 2002). In an Illinois negligence action, the duty to warn co-exists with the corresponding liability for the hazard if no warning is given. *Sculles v. American Environmental Products, Inc.*, 592 N.E.2d 271, 273 (Ill. App. 1992).

The owner of the plant is alleged to have created the dangerous condition and, therefore, would have the duty to warn those who might be harmed if no warning was given. *Id.* While a defendant who is not liable for the existence of the hazard in the first instance, is under no duty to warn of it, *id.*, Illinois also recognizes that a party may be liable in tort for breach of a voluntary undertaking. *Hutchinson,* 910 F.3d at 1023. "[A] party is liable for a voluntary undertaking if: (a) a party undertakes to do something and then fails to exercise reasonable care

3

in a way that increases a third party's risk of harm; (b) undertakes to perform a duty that a different party was obliged to perform and then negligently fulfills its duty; or (c) a third party relies to its detriment on the fact that a duty has been voluntarily undertaken." *Id.* (quotation marks and citation omitted). "[W]hether a voluntary undertaking has been assumed is necessarily a fact specific inquiry." *LM v. United States*, 344 F.3d 695, 700 (7th Cir. 2003).

"[A]n agent is liable in tort to a third party harmed by the agent's conduct when the agent breaches an independent duty that she owes *to the third party*." *Schur*, 577 F.3d at 766 (emphasis in original). "If the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in a manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts." *Id.* (quotation marks and citation omitted). "It is not [the agent's] contract with the principal which exposes him to, or protects him from, liability to third persons, but his common-law obligation to so use that which he controls as not to injure another. That obligation is neither increased nor diminished by his entrance upon the duties of agency; nor can its breach be excused by the plea that his principal is chargeable." *Id.*, quoting *Baird v. Shipman*, 23 N.E. 384, 384 (Ill. 1890).

The question then is whether defendants have shown that Thorsen could not have had a duty to warn plaintiff of the presence of TCE and other contaminants in the groundwater and of the health hazards presented thereby. In order to meet their burden of proof, they must show it is not possible that Thorsen could have voluntarily undertaken the duty.

Defendants argue that only Central Wire could have a duty to the plaintiff. They contend plaintiff has not articulated any legal duty Thorsen owed her and that to have a reasonable possibility of success plaintiff must suggest an independent duty the defendant owed her beyond mere employment status.

However, pointing to pleading deficiencies does not meet defendant's burden to show fraudulent joinder. 2006 WL 1596826 at * 4. Plaintiff has alleged, among other things, that Thorsen knew TCE and other contaminants had entered the ground water, failed to warn her that TCE and other toxic chemicals, which had been emitted from the plant, were present in the ground water and would be injurious to the health of plaintiff and others exposed to them; that as a result of this failure plaintiff was exposed to these toxic chemicals; and that this exposure caused her to develop cancer. One of the complaint's alleged breaches by Thorsen is a failure to warn. As discussed above, an independent duty may arise by a voluntary undertaking so a duty to warn, like other duties, may be voluntarily undertaken. Defendants have not shown that Thorsen could not have had a duty to warn.

The complaint alleges Thorsen knew of the contamination, knew that it posed a hazard to plaintiff and the other residents and that Thorsen failed to warn of the hazard. Defendants were aware from the complaint that plaintiff was raising a failure to warn. It was defendant's burden to show plaintiff could not establish Thorsen had a duty to warn her.

Defendants have not met their heavy burden of showing plaintiff could not state a claim against Thorsen. *Schur*, 577 F.3d at 764. Because the court finds Thorsen was not fraudulently joined, this court lacks subject matter jurisdiction over this case, and it must be remanded.[3]

---

[3] Defendants attached an order [183] entered by Magistrate Judge Schneider in *Harper v. Central Wire, Inc.*, 19 cv 50287 which denied, pursuant to 28 U.S.C. § 1447(e), that plaintiff's motion to amend her complaint to join Thorsen

Plaintiff asks the court, in its motion, to order the Removing Defendants to pay costs and expenses including attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). However, she does not make any argument in support of this request. While she cites *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000), a case discussing an award of costs, she does so in the context of an argument that she did not engage in forum shopping. Since plaintiff has not made an argument as to why costs should be awarded, the court declines to award them.

For the foregoing reasons, the motion to remand [18] is granted. This case is remanded forthwith to the Circuit Court for the 22nd Judicial Circuit, McHenry County, Illinois.

Date: 3/31/2022      ENTER:

_Philip G. Reinhard_
United States District Court Judge

Electronic Notices. (LC)

---

as well as other defendants and argued that its reasoning should be applied in this case. The plaintiff in *Harper* filed an objection to that order, which will be reviewed by this court in that case under Fed. R. Civ. P. 72. When considering joinder under section 1447(e), fraudulent joinder is not directly applicable but can be a relevant factor in determining whether to permit joinder. *Schur*, 577 F.3d at 764.